THOMPSON LAW, LLC
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Rongkun Xiao*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| RONGKUN XIAO, an individual, | Case No. CV 22-00003 |
| Plaintiff, | |
| vs. | COMPLAINT & DEMAND FOR JURY TRIAL |
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, | |
| Defendant. | |

COMES NOW, Plaintiff, Rongkun Xiao ("Plaintiff" or "Mr. Xiao"), by and through his counsel, to allege the following claims against Imperial Pacific International (CNMI), LLC ("IPI").

## INTRODUCTION

Mr. Xiao is a United States citizen residing in Saipan who began employment with IPI in March of 2016. Mr. Xiao is an engineer previously employed by the Commonwealth Utilities Commission. For IPI, Mr. Xiao worked as a site engineer at the hotel and casino project in Garapan. In November 2018, Mr. Xiao severely injured his spine causing paralysis. Mr. Xiao suffered a permanent disability and now relies on a wheelchair for mobility. Despite his disability, Mr. Xiao remained willing and able to perform the essential functions of his job with IPI.

- 1 -

In January, 2020, Mr. Xiao requested accommodation from IPI based on the recommendation of his doctors. IPI refused to provide any accommodation. Rather than provide accommodation, IPI retaliated against Mr. Xiao because of his disability by offering a take it or leave it demotion. The demotion included a reduced salary to less than half his previous pay. Mr. Xiao did not accept IPI's proposal. IPI then targeted Mr. Xiao for termination. On March 30, 2020, in retaliation for requested accommodation and/or because of Mr. Xiao's disability, IPI placed him on "furlough" while hiring an able-bodied person to take his job. IPI abandoned Mr. Xiao and its obligations under Federal Law.

## PARTIES

1. At all relevant times hereto, Mr. Xiao is and was a United States Citizen, residing in Saipan, Commonwealth of the Northern Mariana Islands, and was employed at Defendant IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.

3. Upon information and belief, at all times relevant hereto, Defendant is and was a domestic limited liability company doing business in the Commonwealth of the Northern Mariana Islands.

4. Defendant regularly employs fifteen or more persons.

## JURISDICTION AND VENUE

5. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 12101 et seq.; the Rehabilitation Act of 1973, and

amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the Commonwealth of the Northern Mariana Islands.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments.

7. Venue is proper in the United States District Court for the Northern Mariana Islands pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, and Defendant resides and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

8. Mr. Xiao complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5.

9. Plaintiff was subjected to disability discrimination in the workplace and retaliation. Mr. Xiao timely filed a formal charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").

10. Plaintiff promptly and diligently fulfilled all EEOC requests for information and cooperated in the agency's investigation.

11. Plaintiff exhausted all available administrative remedies in accord with the law prior to instituting this civil action.

12. Plaintiff received a Right to Sue from the EEOC on November 17, 2021.

13. Plaintiff timely filed this action.

14. Mr. Xiao demands a jury trial of this case pursuant to 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

15. Mr. Xiao was hired by Defendant on or about March 17, 2016.

16. Upon information and belief and at all relevant times, Defendant employed in excess of five hundred (500) employees for at least twenty (20) calendar weeks during the relevant time period.

17. During Mr. Xiao's employment, IPI engaged in an industry directly affecting interstate commerce.

18. Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto.

19. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by IPI.

20. Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendant. Defendant is therefore liable for the acts and omissions of these individuals pursuant to the principles of ratification, respondeat superior and actual and/or implied agency.

21. At all relevant times, Mr. Xiao performed all of the functions, duties and responsibilities of his employment with Defendant.

22. In November of 2019, Mr. Xiao severely injured his spinal cord.

23. Mr. Xiao's injury is permanent.

24. Plaintiff is unable to walk, move or feel his legs and uses a wheelchair for mobility.

25. At all relevant times, Mr. Xiao was willing and able to perform the essential functions of his job.

26. His physician recommended light duty and lifting restrictions.

27. The recommended accommodations did not impact Mr. Xiao's ability to perform his essential job functions.

28. Around January 2020, Plaintiff sent a request for accommodation to Defendant's human resource department.

29. Defendant ignored to Mr. Xiao's request for accommodation request.

30. On or about February 17, 2021, IPI proposed that Mr. Xiao take a demotion in position with a salary less than half of his existing salary.

31. Plaintiff declined the position that was offered to him, while insisting on his legal right to accommodation because of his disability.

32. Plaintiff became a targeted person for retaliation based on his assertion of his legitimate federal right to employment free from disability discrimination and retaliation.

33. On or about April 26, 2021, IPI contacted Plaintiff asking whether he would accept the demotion.

34. Mr. Xiao declined the demotion offered by IPI while insisting that IPI comply with his reasonable request for accommodation.

35. Plaintiff was then sent a letter, dated March 30, 2021, informing Plaintiff that he was furloughed.

36. On or about April 29, 2021, IPI appointed person without a disability to take over his position.

37. Plaintiff was pretextually furloughed and his furlough was due to disability discrimination and/or retaliation for insisting on exercising his federally protected rights.

38. Plaintiff was terminated because of his disability and/or in retaliation for enforcing his federally protected rights.

39. The true reason that Plaintiff was terminated was because Plaintiff requested reasonable accommodation because of his disabilities and/or because of his disability.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### (Wrongful Termination Under the ADA)

40. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

41. Defendant refused to provide Plaintiff reasonable accommodation for his disability, although Plaintiff was capable of performing his duties.

42. Defendants continually, intentionally, and in a discriminatory manner terminated Plaintiff from his position because of his disability.

43. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.

44. Defendant terminated Plaintiff without just cause and because of his disability.

45. Such adverse employment actions by Defendant were in violation of the ADA.

46. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

47. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering,

mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

48. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

49. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Thompson Law, LLC, to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION
### (Retaliation Under the ADA)

50. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

51. Defendant refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties.

52. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

53. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of his disability.

54. Such adverse employment actions by Defendants were in violation of the ADA.

55. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering,

mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

56. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

57. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Thompson Law, LLC to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## DEMAND FOR JURY TRIAL

58. Plaintiff asserts his right to a trial by jury, under the Fed.R.Civ.P. Rule 38 and U.S. Constitution Amend. 7. and makes written demand for a jury trial.

## REQUEST AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

a. Enter an injunction ordering Defendant make Plaintiff whole with full back pay, benefits and reinstatement to a position he would have obtained in the absence of discrimination or, in the alternative, front pay;

b. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

c. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

d. An award to Plaintiff for exemplary and/or punitive damages;

e. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

f.  An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

g.  Such other and further relief as this Court deems just and appropriate.

Respectfully submitted on February 7, 2022.

/s/ Colin. M. Thompson
**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
*Attorney for Plaintiff*
